UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIAM RICHARDSON,

                  Petitioner,

v.                                    9:05-CV-1419
                                            (GTS/GHL)

DALE ARTUS,

                  Respondent.
_____

APPEARANCES:                                             OF COUNSEL:

WILLIAM RICHARDSON, 02-A-4024
  Petitioner, *Pro Se*
Clinton Correctional Facility
P.O. Box 2002
Dannemora, New York 12929

HON. ANDREW M. CUOMO                       ALYSON J. GILL, ESQ.
Attorney General for the State of New York       Assistant Attorney General
  Counsel for Respondent
120 Broadway
New York, New York 10271

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      William Richardson ("Petitioner") filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 14, 2005. (Dkt. No. 1.) By Report-Recommendation dated September 22, 2009, the Honorable George H. Lowe, United States Magistrate Judge, recommended that the Petition be denied and dismissed, and that a certificate of appealability not issue. (Dkt. No. 26.) Petitioner timely filed his Objection to the Report-Recommendation on October 9, 2009. (Dkt. No. 27.) For the reasons discussed below, Petitioner's Objections are rejected; Magistrate Judge Lowe's Report-Recommendation is accepted and adopted in its

entirety; Petitioner's Amended Petition is denied and dismissed in its entirety; and a certificate of appealability shall not issue.

I.	**APPLICABLE LEGAL STANDARDS**

    A.	**Standard of Review**

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).  When only general objections are made to a magistrate judge's report-recommendation (or the objecting party merely repeats the allegations of his pleading), the Court reviews for clear error or manifest injustice.  *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice.  *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted].  After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

    B.	**Standard Governing Review of Petitioner's Habeas Petition**

Magistrate Judge Lowe correctly recited the legal standard governing review of Petitioner's habeas petition.  (Report-Recommendation at Part II.A., attached at Dkt. No. 26, at 4-6.)  As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for review by the parties.

**II.     BACKGROUND**

For the sake of brevity, the Court will not repeat the factual background of Petitioner's June 2002 conviction for burglary, assault, criminal possession and use of a weapon, and reckless endangerment, but will simply refer the parties to the relevant portions of Magistrate Judge Lowe's Report-Recommendation, which accurately recites that factual background. (Dkt. No. 26 at 2-4.)

**A.     Petitioner's Claims**

In his Petition and Traverse, Petitioner claims that his conviction was improper for the following three reasons: (1) certain physical evidence–i.e., his clothing–was illegally obtained, and therefore improperly introduced at trial; (2) the admission of the victim's in-court identification of Petitioner was improper because there was no independent basis to support the victim's in-court identification; and (3) the prosecutor committed misconduct by invoking God during his summation and repeatedly accusing Petitioner of lying. (Dkt. No. 1, at 5-6; Dkt. No. 15, at 4-21.)

**B.     Magistrate Judge Lowe's Report-Recommendation**

In his Report-Recommendation, Magistrate Judge Lowe recommends dismissal of Petitioner's first claim because (1) "New York State has provided an opportunity for criminal defendants to fully and fairly litigate Fourth Amendment claims," *see* CPL § 710, and (2) "Petitioner availed himself of that procedure by making a motion to suppress" and by filing a subsequent appeal with the New York State Appellate Division (which was denied) after his motion was denied by the trial court. (Dkt. No. 26, at 6-9.)

Magistrate Judge Lowe recommends dismissal of Petitioner's second claim because (1) the circumstances surrounding the victim's pre-court identification of Petitioner were not unduly suggestive of Petitioner's guilt, and (2) regardless of any qualms that Petitioner may have with the line-up, the victim's in-court identification of Petitioner was properly admissible because it was sufficiently reliable independent of the lineup. (Dkt. No. 26, at 10-16.)

Magistrate Judge Lowe recommends dismissal of Petitioner's third claim because (1) Petitioner's claim is procedurally barred, and Petitioner failed to establish cause for the default and actual prejudice, or that the a fundamental miscarriage of justice would result, and (2) even if Petitioner's claim was not procedurally barred, the Appellate Division's determination that Petitioner's claim is without merit was not contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court law. (Dkt. No. 26, at 18-23.)

###    C.    Petitioner's Objections to the Report-Recommendation

In his Objections, Petitioner reasserts the following three arguments: (1) the search warrant that lead to the seizure of his clothing was invalid because it was procured during Petitioner's illegal detention, and therefore the trial court erred in not suppressing his clothing; (2) the victim's in-court identification was tainted by the suggestive line-up, and therefore the trial court erred in admitting the in-court identification; and (3) the "summation claim is not procedurally barred," and, given that the evidence against Petitioner was weak, the prosecutor's summation deprived him of a fair trial.

## III.    ANALYSIS

For the sake of brevity, the Court will assume that Petitioner has made sufficiently specific objections to each of the recommendations in Magistrate Judge Lowe's

Report-Recommendation, and will therefore subject that Report-Recommendation to a de novo review.

After carefully reviewing all of the papers in this action, including Magistrate Judge Lowe's Report-Recommendation and Petitioner's Objections thereto, the Court agrees with each of the recommendations made by Magistrate Judge Lowe, and rejects each of Petitioner's Objections thereto. (Dkt. Nos. 26, 27.)  Magistrate Judge Lowe employed the proper legal standards, accurately recited the facts, and correctly applied the law to those facts. (Dkt. No. 26, at 6-23.)  As a result, the Court accepts and adopts Magistrate Judge Lowe's Report-Recommendation in its entirety for the reasons stated therein.  The Court would add only one point regarding Petitioner's Fourth Amendment claim, which, although thoroughly addressed by Magistrate Judge Lowe in his Report-Recommendation, bears repeating based on the Court's review of Petitioner's Objections.

"In *Stone v. Powell*, 428 U.S. 465, 494 (1976), the Supreme Court held that 'where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.'"  *Daniels v. People of State of New York*, 07-CV-0448, 2009 WL 2602267, at *11 (E.D.N.Y. Aug. 21, 2009) (quoting *Stone*, 428 U.S. at 494).  "Under *Stone*, Fourth Amendment violations are generally not cognizable for federal habeas relief, unless the state has failed to provide the habeas petitioner 'an opportunity for full and fair litigation of a Fourth Amendment claim.'"  *Daniels*, 2009 WL 2602267, at *11 (quoting *Wallace v. Kato*, 549 U.S. 384, 395 n.5 [2007]).

"*Stone* applies to all Fourth Amendment claims regardless of the nature of the evidence sought to be suppressed." *Id*. at *12 (citing *Cardwell v. Taylor*, 461 U.S. 571, 573 [1983]). Thus, physical evidence sought to be suppressed because it was obtained through an improper warrant will not be addressed by a federal habeas court if a petitioner had a "full and fair" opportunity to litigate his or her Fourth Amendment claim in state court. *See id*. (citing *Cardwell*, 461 U.S. at 572-73) (holding that *Stone* barred the petitioner's challenge to voluntary statements made while in custody following an alleged illegal arrest); *see also Davis v. Warden, Clinton Corr. Facility*, 99-CV-4675, 2003 WL 23185752, at *12 (E.D.N.Y. Oct. 30, 2003) (holding that *Stone* barred the petitioner's claim that property seized during a search of his home should have been suppressed by the hearing court where it was alleged that the police illegally obtained his mother's consent to search because defendant was already provided a full and fair opportunity to litigate his Fourth Amendment claim in state court); *Barratt v. Garvin*, 98-CV-1532, 2000 WL 1364352, at *7 (S.D.N.Y. Sept. 21, 2000) ("Barratt's claim that the warrant under which police searched his hotel room was invalid is a Fourth Amendment claim and is not cognizable under federal habeas corpus review. It is well-settled that New York State provides for a full and fair opportunity to litigate a Fourth Amendment claim. Barratt having made and argued a motion to suppress, and thereafter having challenged the denial of the motion on direct appeal, it cannot be said that he was denied a full and fair opportunity to press his claim.").

As noted by Magistrate Judge Lowe, Petitioner had a full and fair opportunity to litigate his Fourth Amendment claims. In addition, as noted by Magistrate Judge Lowe, Petitioner has not shown a lack of state "corrective procedures" or an "unconscionable breakdown in the underlying process." As a result, Petitioner's Fourth Amendment claims are barred from federal habeas review.

ACCORDINGLY, it is

**ORDERED** that Magistrate Judge Lowe's Report-Recommendation (Dkt. No. 26) is **ACCEPTED** and **ADOPTED in its entirety**; and it is further

**ORDERED** that the Petition (Dkt. No. 1) is **DENIED** and **DISMISSED** in its entirety; and it is further

**ORDERED** that a certificate of appealability not issue with respect to any of the claims set forth in the Petition, because Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

Dated: March 29, 2010
      Syracuse, New York

/s/ Glenn T. Suddaby
Hon. Glenn T. Suddaby
U.S. District Judge